IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SFR EQUITIES, LLC            :          CIVIL ACTION
                             :
        v.                   :
                             :
WARREN HILL, LLC             :          NO. 20-mc-00008

MEMORANDUM

Bartle, J.                                February 28, 2020

        This miscellaneous action arises out of post-judgment

execution proceedings.  Before the court is the motion of the

judgment-debtor SFR Equities, LLC ("SFR"), pursuant to

Rule 45(d)(3) of the Federal Rules of Civil Procedure, to quash

a document subpoena served on CHGO Real Estate Consulting Group,

LLC ("CHGO") by judgment creditor Warren Hill, LLC ("Warren

Hill").

        On December 3, 2019, this court entered a $6,226,688

money judgment in favor of Warren Hill in Warren Hill, LLC v.

SFR Equities, LLC, Civil Action No. 18-1228, 2019 WL 6498060

(E.D. Pa. Dec. 3, 2019), a breach of contract action.  To obtain

discovery to aid in execution of the judgment against SFR,

Warren Hill served subpoenas on non-parties CHGO and Bridgeview

Bank Group in Illinois.[1]  See Fed. R. Civ. P. 45(a) and 69(a)(2).

Pursuant to Rule 45(d)(3), SFR moved to quash the subpoena

_____

1.    Bridgeview Bank Group holds accounts for SFR and CHGO.  It
did not move to quash Warren Hill's subpoena and has complied.

served on CHGO in the United States District Court for Northern District of Illinois. That court transferred the motion to this court. See Fed. R. Civ. P. 45(f).

We held a hearing on the motion at which SFR failed to appear. SFR argued in its brief in support of the motion that Warren Hill's subpoena demands privileged discovery not relevant to the execution of the underlying judgment and is unduly burdensome.

Generally, only the party to whom a subpoena is directed has standing to quash or modify the subpoena. Uppal v. Rosalind Franklin Univ. of Med. & Sci., 124 F. Supp. 3d 811, 815 (N.D. Ill. 2015) (citing Thomas v. Marina Assocs., 202 F.R.D. 433, 434-35 (E.D. Pa. 2001); see also Green v. Cosby, 216 F. Supp. 3d 560, 563-64 (E.D. Pa. 2016). An exception exists where a party claims some personal right or privilege or legitimate interest in the subject matter of the subpoena. Green, 216 F. Supp. 3d at 564; Allstate Ins. Co. v. Electrolux Home Prods., Inc., Civil Action No. 16-4161, 2017 WL 5478297, at *3 (N.D. Ill. Nov. 15, 2017). However, only the party to whom a subpoena is directed has standing to quash the subpoena based on relevance or undue burden. Piercy v. Wilhelmi, Civil Action No. 16-MC-43-NJR, 2016 WL 9176539, at *2 (S.D. Ill. June 17, 2016) (quoting Green, 216 F. Supp. 3d at 564). The party seeking to quash or modify a subpoena has the burden of proof.

-2-

CedarCrestone Inc. v. Affiliated Computer Servs. LLC, Civil Action No. 14-MC-0298, 2014 WL 3055355, at *3 (M.D. Pa. July 3, 2014); Williams v. Blagojevich, Civil Action No. 05-4673, 2008 WL 68680, at *3 (N.D. Ill. Jan. 2, 2008).

SFR does not have standing to argue that the subpoena served on CHGO is not relevant or causes any undue burden. See Piercy, 2016 WL 9176539, at *2. Moreover, SFR's vague contention in its brief that it has a personal right, privilege, or legitimate interest in the documents Warren Hill demands is not supported by the record. SFR has failed therefore to meet its burden to quash the subpoena. See CedarCrestone, 2014 WL 3055355, at *3; Williams, 2008 WL 68680, at *3.

For the reasons stated above, we will deny the motion of SFR Equities, LLC to quash the subpoena served on CHGO Real Estate Consulting Group, LLC by Warren Hill, LLC.